# United States District Court

### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RALPH BORAL | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-44 |
| | § | Judge Mazzant |
| ODYSSEY PICTURES CORPORATION | § | |
| and JOHN W. FOSTER, IV | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (Dkt. #14). After considering the motion, the responses, and the relevant pleadings, the Court finds that Plaintiff's motion should be denied.

## BACKGROUND

The facts in this case are heavily disputed. Plaintiff, Ralph Boral ("Plaintiff" or "Boral"), contends that he began work as an employee for Defendant Odyssey Pictures Corporation ("Odyssey") on or about December 2011. Defendant John W. Foster, IV ("Foster"), is Odyssey's Chairman and Chief Executive Officer ("CEO"). Boral asserts that until October of 2013, he was employed by Odyssey as the Executive in Charge of Production and Chief Operating Officer ("COO"). Upon beginning employment, Boral received a bi-monthly salary of $4,167.00. Boral argues that despite the employment contract, Defendants failed to pay him for any wages during numerous pay periods during 2013, and that Boral continued to regularly work in excess of forty (40) hours in a workweek.

Defendants agree that Boral began working for Odyssey on December 1, 2011, and was to serve as Odyssey's Executive in Charge of Production and Chief Operating Officer with an annual salary of $100,000.00. However, Defendants contend that Boral breached the employment contract by unilaterally moving to New York, New York, and on May 27, 2013,

notified Odyssey and Foster that he was terminating his employment relationship with Odyssey. Defendants also assert that Boral began pursuing his own business interests, such as setting up his own consulting services, which did not facilitate Odyssey's business interests. Defendants further argue that Boral submitted no time sheets to Odyssey in the months of July, August, or September of 2013, and only on October 22, 2013, emailed to Odyssey time sheets for work allegedly done during the preceding four-month period.

Plaintiff filed suit against Defendants on January 22, 2014, and alleged claims arising under the Fair Labor Standards Act ("FLSA") for failure to pay minimum wage under 29 U.S.C. §§ 206 and 215(a)(2) and failure to pay overtime wages under 29 U.S.C. §§ 207 and 215(a)(2). Plaintiff also alleged causes of action for breach of contract and unjust enrichment against Defendant Odyssey, and theft against Defendant Foster. On October 6, 2014, Plaintiff filed his motion for partial summary judgment (Dkt. #14). After no response was filed, the Court ordered Defendants to file a response or the Court would assume that Defendants were not opposed to the motion for partial summary judgment (Dkt. #16). Defendants filed their response on November 9, 2014 (Dkt. #17). On November 17, 2014, Plaintiff filed his reply (Dkt. #20).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all

reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

The FLSA mandates that "[e]very employer shall pay to each of his employee who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages… not less than -- $7.25 an hour." 29 U.S.C. § 206(a)(1). The FLSA further mandates that "no employer shall employ any of his employees… for a workweek longer than forty hours unless

such employee receives compensation for his employment in excess of the hours above specified

at a rate not less than one and one-half times the regular rate at which he is employed." 29

U.S.C. § 207(a)(1); *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (2005).

To prevail on his claim for unpaid overtime compensation, Plaintiff must first show by a

preponderance of the evidence: "(1) that there existed an employer-employee relationship during

the unpaid overtime periods claimed; (2) that the employee engaged in activities within the

coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements;

and (4) the amount of overtime compensation due.[1]" *Johnson v. Heckmann Water Resources*

*(CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014) (citing *Harvill*, 433 F.3d at 441)). "An employee

bringing an action pursuant to the FLSA, based on unpaid overtime compensation, must first

demonstrate that [he] has performed work for which [he] alleges [he] was not compensated."

*Harvill*, 433 F.3d at 441 (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 687-88

(1946)).

> An employee has carried out his burden if he proves that he has in fact performed
> work for which he was improperly compensated and if he produces sufficient
> evidence to show the amount and extent of work as a matter of just and
> reasonable inference. The burden then shifts to the employer to come forward
> with evidence of the precise amount of work performed or with evidence to
> negative the reasonableness of the inference to be drawn from the employee's
> evidence. If the employer fails to produce such evidence, the court may then
> award damages to the employee, even though the result be only approximate.

*Anderson*, 328 U.S. at 687-88. The evidence of hours worked need not be perfectly accurate as

long as it provides a sufficient basis to calculate the number of hours worked. *Marshall v.*

*Mammas Fried Chicken, Inc.*, 590 F.2d 598, 599 (5th Cir. 1979). "If the employer's records are

'proper and accurate,' the employee may rely on these records; if the employer's records are

'inaccurate or inadequate,' the employee may produce 'sufficient evidence to show the amount

---

[1] Since Plaintiff moved for summary judgment on the issue of liability only, the amount of minimum wage or overtime compensation due is not at issue in this motion.

and extent of that work as a matter of just and reasonable inference.'" *Rosales v. Lore*, 149 F. App'x 245, 246 (5th Cir. 2005) (internal citation omitted).

"Once the employee establishes a prima facie case, the burden then shifts to the employer to 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" *Johnson*, 758 F.3d at 630 (citing *Harvill*, 433 F.3d at 441). If the employer claims that the employee is exempt from the overtime requirement, the burden rests with the employer to prove that the employee falls within the exempted category. *Id.* (citing *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 636 (5th Cir. 2001)).

The Court finds that there are several disputed issues of fact in this case, including whether Boral was an employee and Defendants were employers during the relevant time period, at what point in time Boral's employment with Defendants ceased, whether Boral was qualified for coverage by the FLSA while performing work for Defendants, and whether Plaintiff actually performed work for Defendants during the relevant time periods. For these reasons, the Court finds Plaintiff's motion for partial summary judgment is denied.

Plaintiff also requests that the Court award sanctions against Defendants under Federal Rule of Civil Procedure 56(h), which allows the Court to award appropriate sanctions "[i]f satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay." Plaintiff contends that the affidavit of Foster was submitted in bad faith or for purposes of delay only after the Court ordered Defendants to respond. The Court sees no evidence of bad faith or that the affidavit was submitted solely for purposes of delay. Thus, Plaintiff's request for sanctions is also denied.

**CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff's Motion for Partial Summary Judgment (Dkt. #14) is hereby **DENIED.**

**SIGNED this 7th day of January, 2015.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE