# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RALPH BORAL, | § | |
| | § | |
| v. | § | Case No. 4:14-CV-00044 |
| | § | Judge Mazzant |
| ODYSSEY PICTURES CORPORATION | § | |
| and JOHN W. FOSTER, IV | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Objection to Defendants' Expert Designation of John W. Foster, IV and Motion to Exclude Testimony (Dkt. #21). Having considered the relevant pleadings, the Court finds Plaintiff's Objection to Defendants' Expert Designation should be denied and Plaintiff's Motion to Exclude Testimony should be granted.

## BACKGROUND

Plaintiff asserted several causes of action against Defendants related to Plaintiff's employment by Defendants and other contractual agreements related to the production of an animated movie based on the Hank the Cowdog series of children's books. Defendants asserted counterclaims regarding the employment agreement, tortious interference, business disparagement, and attorney's fees.

On December 26, 2014, Plaintiff filed its Objection to Defendants' Expert Designation of John W. Foster, IV ("Foster") and Motion to Exclude Testimony. Defendants filed their response on January 12, 2015.

**LEGAL STANDARD**

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590-93 (1993), the Supreme Court instructed courts to function as gatekeepers and determine whether expert testimony should be presented to the jury. Courts act as gatekeepers of expert testimony "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999).

The party offering the expert's testimony has the burden to prove by a preponderance of the evidence that: (1) the expert is qualified; (2) the testimony is relevant to an issue in the case; and (3) the testimony is reliable. *Daubert*, 509 U.S. at 590-91. A proffered expert witness is qualified to testify by virtue of his or her "knowledge, skill, experience, training, or education." FED. R. EVID. 702. Moreover, in order to be admissible, expert testimony must be "not only relevant, but reliable." *Daubert*, 509 U.S. at 589. "This gate-keeping obligation applies to all types of expert testimony, not just scientific testimony." *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (citing *Kuhmo*, 526 U.S. at 147).

In deciding whether to admit or exclude expert testimony, the Court should consider numerous factors. *Daubert*, 509 U.S. at 594. In *Daubert*, the Supreme Court offered the following, non-exhaustive list of factors that courts may use in evaluating the reliability of expert testimony: (1) whether the expert's theory or technique can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error of the challenged method; and (4)

whether the theory or technique is generally accepted in the relevant scientific community. *Id*. at 593-94; *Pipitone*, 288 F.3d at 244. When evaluating *Daubert* challenges, courts focus "on [the experts'] principles and methodology, not on the conclusions that [the experts] generate." *Daubert*, 509 U.S. at 594.

The *Daubert* factors are not "a definitive checklist or test." *Daubert*, 509 U.S. at 593. As the Court has emphasized, the *Daubert* framework is "a flexible one." *Id*. at 594. Accordingly, the decision to allow or exclude experts from testifying under *Daubert* is committed to the sound discretion of the district court. *St. Martin v. Mobil Exploration & Producing U.S., Inc.*, 224 F.3d 402, 405 (5th Cir. 2000).

## ANALYSIS

*Plaintiff's Objection to Defendants' Expert Designation of John W. Foster, IV*

Plaintiff asserts that Foster is not qualified to testify as an expert under Federal Rule of Evidence 702 because he lacks sufficient education and experience. Plaintiff argues that "Foster's testimony regarding financial projections and calculations is not reliable because Foster has no education in finance" and "his experience in finance is limited." (Dkt. #21 at 3). Plaintiff also argue that Foster's unreliability as an expert is further demonstrated by the fact that "Foster's experience in the movie industry is primarily limited to films with budgets less than $1,000,000." (Dkt. #21 at 3).

"[I]n determining the admissibility of expert testimony, the district court should approach its task 'with proper deference to the jury's role as the arbiter of disputes between conflicting opinions.'" *United States v. 14.38 Acres of Land, More or Less Situated in Leflore County, State of Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir.1987)). "Rule 702 does not

mandate that an expert be highly qualified in order to testify about a given issue." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). "[O]nce the proponent has established some reasonable indication of the expert's qualifications, qualifications thereafter become an issue for the trier of fact rather than for the court in its gate-keeping capacity." *U.S. ex rel. Barron v. Deloitte & Touche, LLP*, CIV SA-99-CA-1093-FB, 2008 WL 7136870, at *2 (W.D. Tex. Aug. 20, 2008).

The Court finds that, despite Foster's lack of formal education, he possesses adequate experience, knowledge, and skill to be qualified as an expert witness. Foster has several decades of relevant professional experience. During such time, he has served in executive and ownership roles in several businesses, many in media-related industries. Because Defendants have established some reasonable indication of Foster's qualifications, the matter now becomes an issue for the trier of fact rather than for the court in its gate-keeping capacity.

Based on the foregoing, the Court finds Plaintiff's Objection to Defendants' Expert Designation of John W. Foster, IV is denied.

*Plaintiff's Motion to Exclude Testimony*

Because the Court has determined that Foster is qualified to testify as an expert, Plaintiff has requested that certain testimony by Foster be excluded. Plaintiff has identified six items of testimony that it now requests the Court to exclude:

1. "Mr. Foster will testify regarding efforts by Odyssey (and affiliates) (the "Company") from November of 2011 forward for marketing and soliciting financing for the "Hank the Cowdog" Film project" (Dkt. #21 at 4).

2. "Mr. Foster will testify that but for Boral's injurious acts and omissions complained of herein, the Company was anticipated to earn a distribution percentage (commission) of 20-25% of the distribution agreement." (Dkt. #21 at 4).

3. "Mr. Foster will further testify that the distribution agreement would have conservatively yielded $2,000,000 resulting in approximately $400,000-$500,000 in distribution percentage (commission) to the Company in the year following the date of release." (Dkt. #21 at 5).

4. "Mr. Foster will further testify that these amounts do not include estimated sales resulting in excess of $1,000,000 in commissions over the period of time the project would have been in exploitation worldwide." (Dkt. #21 at 5).

5. "Foster will testify that "[a]n additional overhead allotment would have been paid for the duration of the production calculated under the producer agreement to yield $7,500.00 per month. Over the period of three years, it was anticipated that this revenue would have equaled $270,000.00." (Dkt. #21 at 6).

6. "With respect to those amounts Boral alleges to be owed under his producer agreement entered into in connection with the "Hank the Cowdog" film, Mr. Foster will testify that the conditions precedent to commencement and payment under that agreement never arose." (Dkt. #21 at 6).

The Court will address each item of testimony in the order listed. The first three items of Foster's proffered testimony challenged by Plaintiff are closely related and rely upon the same analysis, so they will be treated together.

*Items of Testimony #1, #2, and #3.*

The testimony described in Items 1, 2, and 3 appears to be based upon Foster's particularized knowledge as an officer of Odyssey, rather than on any scientific, technical, or other specialized knowledge. Therefore, the testimony is not properly qualified as expert testimony under Rule 702, but is instead lay testimony under Rule 701—a challenge properly raised by Plaintiff's with regard to the first item, but omitted from their challenges to Items 2 and 3. (Dkt. #21 at 4-5). Defendants indicate in their response to Plaintiff's motion that this testimony in Item 1 regards whether "efforts by Odyssey . . . were reasonable, appropriate and/or consistent with those efforts customarily undertaken in the industry." (Dkt. #24 at 6). "[A]n officer or employee of a corporation may testify to industry practices and pricing without qualifying as an expert." *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003). "Such opinion testimony is admitted not because of experience, training or specialized knowledge within the realm of an expert, but because of the particularized knowledge that the witness has by virtue of his or her position in the business." FED. R. EVID. 701 (Advisory Committee's note on the 2000 amendments). Similarly, Items 2 and 3 also appear to cover only testimony regarding either industry custom ("Foster's opinion testimony provides that it is customary in the film industry for…") or the terms of an agreement negotiated by Foster in his role as an officer of Odyssey. (Dkt. #24 at 7-8). Because Foster's testimony outlined in Items 1, 2, and 3 is not based on any scientific, technical, or other specialized knowledge it is not expert testimony.

Based on the foregoing, the Court finds Plaintiff's motion to exclude Foster's testimony on Items 1, 2, and 3 as expert testimony is hereby granted.[1]

*Item of Testimony #4.*

Defendants did not respond to Plaintiff's assertion that Item 4 should be excluded as expert testimony. Plaintiff notes that Defendants have provided no basis for substantiating the claimed amount of $1,000,000, and asserts that figure is based upon nothing more than Foster's "own hopeful optimism." (Dkt. #21 at 5). Because Defendants have chosen not to provide any support for Foster's testimony on this matter, the Court will presume Defendants' intent to concede this Item of Testimony.

Based on the foregoing, the Court finds Plaintiff's motion to exclude expert testimony regarding Item 4 is hereby granted.

*Item of Testimony #5.*

Plaintiff's challenge Item 5 of Foster's testimony as not relevant based on Defendants' lack of standing. Standing is an essential component of federal subject-matter jurisdiction, the lack of which can be raised at any time by a party or by the court. *Sample v. Morrison*, 406 F.3d 310, 312 (5th Cir. 2005) (citing *Sommers Drug Stores Co. Emp. Profit Sharing Trust v. Corrigan,* 883 F.2d 345, 348 (5th Cir.1989)). Specifically,

---

[1] The Court notes that its ruling on Items 1, 2, and 3 does not prevent Foster from testifying in this case on the subjects described in Items 1, 2, or 3 as a lay witness under Rule 701, as he is an officer of Odyssey and has personal knowledge of facts relevant to this case. Further, expert testimony regarding the customs and practices of an industry is well-established as acceptable, *see Enniss Family Realty I, LLC v. Schneider Nat'l Carriers, Inc.*, 916 F. Supp. 2d 702, 714 (S.D. Miss. 2013) ("There is no blanket prohibition in the Fifth Circuit on the admissibility of expert testimony regarding particular industry standards and practices"); *McDermott Intern., Inc. v. Indus. Risk Insurers*, CIV.A. 01-3027, 2008 WL 5120694, at *1 (E.D. La. June 18, 2008), and to the extent that any of Foster's testimony described by Items 1, 2, or 3 exceeds the boundaries of Rule 701 at trial, the court reserves any ruling, and will rule on the admissibility of any such testimony as necessary.

Plaintiff asserts that the producer agreement Foster intends to testify about is an agreement between two parties not involved in the present litigation, Appaloosa Investments, LLC and Hank the Cowdog, LLC, and as such, Defendants have no standing to seek damages for the amounts allegedly owed under the agreement. (Dkt. #21 at 6). In response, Defendants contend that their standing derives from Appaloosa Investments, LLC being a wholly owned subsidiary of Defendant Odyssey, which results in loss of revenue under the agreement being "directly borne by Odyssey." (Dkt. #24 at 8).

While Plaintiff fails to cite any applicable law, courts that have addressed [whether or when a parent company may recover damages incurred by its subsidiaries] have consistently held that a parent may not do so. *Mobius Risk Group, LLC v. Global Clean Energy Holdings, Inc.*, CIV.A. H-10-1708, 2011 WL 3568074, at *5 (S.D. Tex. Aug. 15, 2011) (collecting cases). Because Defendants/Counter-Plaintiffs lack standing to assert the claims described, the testimony is irrelevant to the case at hand and should be excluded.

Based on the foregoing, the Court finds Plaintiff's motion to exclude expert testimony regarding Item 5 is hereby granted.

*Item of Testimony #6.*

Plaintiff challenges Item 6 on the basis that the testimony proffered would "call for a legal conclusion and as such is not proper expert testimony." (Dkt. #21 at 6). Defendants counter that Foster would only be providing "his opinion based on his experience in the film industry that there has been no exercising of the property rights that would give rise to the payment of the compensation Plaintiff claims." (Dkt. #24 at 9).

Whether the conditions precedent to payment found in the agreement have occurred is "an issue for the trier of fact to decide. . . . [n]ot for [the expert] to tell the trier of fact what to decide." *Floyd v. Hefner*, 556 F. Supp. 2d 617, 640 (S.D. Tex. 2008) (citing *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir.1997)).

Based on the foregoing, the Court finds Plaintiff's motion to exclude expert testimony regarding Item 6 is hereby granted.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Objection to Defendants' Expert Designation of John W. Foster, IV and Motion to Exclude Testimony (Dkt. #21) is hereby **GRANTED** in part and **DENIED** in part.

SIGNED this 4th day of March, 2015.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE